IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC**<br>Plaintiff,<br><br>v.<br><br>**COSTCO WHOLESALE CORPORATION, CVS HEALTH CORPORATION, and WALGREENS BOOT ALLIANCE, INC.**<br>Defendants. | JURY TRIAL DEMANDED<br><br>CASE NO: 6-21-CV-00807<br><br>CASE NO: 6-21-CV-00808<br><br>CASE NO: 6-21-CV-00809 |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO STAY**

Came on for consideration this date is Defendants Costco Wholesale Corporation, CVS Health Corporation, and Walgreens Boots Alliance, Inc.'s (collectively, the "Defendants") Opposed Motion to Stay Pending Final Resolution of the Declaratory Judgment Action filed by Maplebear Inc. D/B/A Instacart ("Instacart") against GreatGigz Solutions, LLC ("GreatGigz") in the Southern District of Florida (Case No. 9:21-cv-81998-DMM). ECF No. 12. Plaintiff GreatGigz filed an opposition to Defendants' Motion on November 11, 2021. ECF No. 15. Defendants filed a reply in support on November 16, 2021. ECF No. 16. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Defendants Motion to Stay.

**I. BACKGROUND**

On August 4, 2021, and August 5, 2021, GreatGigz filed patent infringement lawsuits in this Court against each of the Defendants. GreatGigz accused each of the Defendants of infringing on U.S. Patent Nos. 6.662,194; 7,490,086; 9,760,864; and 10,096,000 (collectively, the "Asserted Patents") based on their use of Instacart's grocery delivery and pickup software ("Instacart Software"). ECF No. 14 at 1–2.

GreatGigz had previously filed a patent infringement lawsuit against Instacart in this Court. *See GreatGigz Solutions, LLC v. Maplebear, Inc. d/b/a Instacart,* No. 6-20-cv-00737. GreatGigz alleged infringement of the same four patents. This Court dismissed that case for improper venue because Instacart did not have a regular and established place of business in this District. *GreatGigz Sols., LLC v. Maplebear Inc.*, No. 6-20-cv-00737, 2021 U.S. Dist. LEXIS 193682 (W.D. Tex. Oct. 6, 2021). Before the Court issued its order and while the motion to dismiss was pending in the case against Instacart, GreatGigz filed the present lawsuits against Defendants. ECF No. 12 at 2.

On October 29, 2021, Instacart filed a declaratory judgment action in the Southern District of Florida ("the Supplier Suit"). *Id.* Instacart seeks a declaration that it does not infringe on the Asserted Patents and that they are invalid. *Id.* Defendants' Motion in this case asks the Court to stay this case pending resolution of the declaratory judgment action in the Southern District of Florida (Case No. 9:21-cv-81998-DMM).

## II. LEGAL STANDARD

A trial court has broad discretion to stay an action against a party to promote judicial economy. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-5, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Where suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014).

The "customer-suit exception" provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against

customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365 (citation omitted). "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).

To warrant a stay of the customer suit, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464). Courts are instructed to use a "flexible approach" to avoid wasteful expenditure of resources, and therefore "stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *see also Nintendo*, 756 F.3d at 1365-66 (the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination" (citations omitted)).

In determining whether the customer suit exception applies, the court analyzes three factors: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 U.S. Dist. LEXIS 142173, at *14 (E.D. Tex. Aug. 22, 2018) (quoting *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909, 2015 U.S. Dist. LEXIS 675, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015)). The "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted).

The factors that courts typically consider when determining whether to grant a stay include: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *Kirsch Rsch. & Dev. LLC v. BlueLinx Corp.*, 6-20-cv-316, 2021 U.S. Dist. LEXIS 191694 (W.D. Tex. Oct. 4, 2021) (citing *In re Trustees of Bos. Univ. Patent Cases*, No. CV 13-12327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014)).

### III. ANALYSIS

#### A.     Customer-Suit Exception Factors

Defendants allege that they are mere customers of Instacart, who is the supplier of the accused instrumentalities that allegedly infringed on the Asserted Patents. Their Motion analyzes the customer-suit exception factors and argues that they all favor staying the case. Plaintiff GreatGigz does not address these factors at all. The Court holds that the customer suit exception applies because: (1) Defendants have provided evidence that they are mere end-users of the accused products; (2) Defendants have agreed to be bound by the outcomes of the Supplier Suit; and (3) the Supplier (Instacart) is the only source of the accused products.

##### 1.     Whether Defendants Are Merely End-Users

The Court finds that Defendants are mere end-users of the accused products. In its Complaint, GreatGigz accuses Defendants of infringement based only upon their use of the Instacart software. ECF No. 1 ¶ 45. Instacart is the exclusive supplier of the Instacart software. ECF No. 12 at 5. Defendants are simply end-users of the Instacart software. *Id.* GreatGigz does not provide any evidence, and indeed never argues, that any of the Defendants manufacture or develop the Instacart software themselves. *See* ECF No. 15. Because GreatGigz has not presented

record evidence to the contrary, and because its Complaint is predicated entirely on Defendants' use of the supplier's product, the Court finds that this factor favors the stay.

### 2. Whether Defendants Agree to Be Bound by Any Decision in the Later-filed Cases

Defendants have agreed to be bound by the outcomes of the Supplier Suit. ECF No. 12 at 7. This factor therefore favors granting the stay.

### 3. Whether the Manufacturer Is the Only Source of the Infringing Product

As indicated above, Defendants are mere end-users and GreatGigz has otherwise not denied that Instacart is the source of the infringing products identified in GreatGigz's Complaint.

## B. Traditional Stay Factors

The Court gives great weight to the three factors considered under the customer-exception. But, for the sake of completeness, the Court considers the traditional stay factors and rejects Plaintiff's concerns as to each.

### 1. Whether GreatGigz Is Unduly Prejudiced By a Stay

GreatGigz complains that a stay of these cases would prejudice GreatGigz by causing unnecessary delay in enforcement of its patent rights against Defendants. ECF No. 15 at 5. It claims that this Court would likely rule on dipositive motions before the Southern District of Florida court could construe the claims. *Id.*

First, the Court disagrees with the premise that granting this motion is a source of delay separating patentee from the quick vindication of its right. A stay here—where all the accused products come from the Supplier Instacart—does not delay GreatGigz from litigating the question of infringement as to those products in the Supplier Suit. Rather, the trial in the Supplier Suit is set for September 26, 2022. ECF No. 17 at 2. In the present case, the parties have not even filed a scheduling order. Although this Court typically sets trial for roughly two years after filing the

complaint, the trial date for this case would likely not occur until August 2023, nearly one year after the Supplier Suit is resolved. A stay would therefore not prejudice GreatGigz's vindication of its patent rights.

### 2. Whether a Stay Would Simplify the Issues in this Case

The Court finds that a stay would also simplify the issues in this case. Even if the parties had not agreed to be bound by the outcomes of the Supplier Suit, its resolution would resolve the present suits against the Defendants. If Instacart is found not liable for infringing on the Asserted Patents in the Supplier Suit, that judgment would be dispositive of GreatGigz's infringement claims here. And if Instacart is found liable to GreatGigz in the Supplier Suit, Defendants note that GreatGigz will have exhausted its rights as a patent holder and "will be precluded from collecting damages with respect to the same infringing product from a downstream user like the Customer Defendants." ECF No. 12 at 6 (citing *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006). Even if a finding that Instacart is liable would not preclude recovery entirely, it would significantly simplify the infringement claims against these Defendants. *Id.* As the Federal Circuit has held, "resolution of the major issues" in the manufacturer action will likely "resolve these issues as to their customers." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

### 3. Whether Discovery Is Completed and Whether a Trial Date Has Been Set

It is this Court's practice to stay discovery until after the Markman hearing. Here, there has been no Markman and no fact or expert discovery. A stay would not impact discovery in this case. Moreover, discovery in these suits will focus largely on Instacart because Instacart is the entity engaged in design, development, and sale of the accused products. A stay is therefore likely to streamline discovery in the Supplier Suit.

As for the trial date, this Court has not yet set one. The parties have similarly failed to file a scheduling order. This case is still in its infancy, and the parties have done very little to expeditiously resolve this dispute. A stay would therefore not uproot any minimal progress made in these cases.

## IV. CONCLUSION

Defendants are merely end-users of the accused products, and Instacart is the true defendant in these cases. Both the customer-suit exception factors and the traditional stay factors favor granting a stay of these three cases.

It is therefore **ORDERED** that Defendants' Opposed Motion to Stay Pending Resolution of Instacart's Declaratory Judgment Action Against GreatGigz is **GRANTED**. These three cases are hereby **STAYED** pending full and final resolution of the declaratory judgment action in the Southern District of Florida between Instacart and GreatGigz (Case No. 9:21-cv-81998-DMM).

SIGNED this 6th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE